## Mattingly v. Kirtley et al.

March 21, 1941.

J. P. Hamilton for appellant.

Hubert Meredith, Attorney General, and J. W. Jones, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The relief sought by this declaratory judgment action—filed in the Franklin circuit court by appellant as

plaintiff below, against appellees as defendants below—was to procure a judicial determination as to where the parties are "at" in view of the somewhat bewildered condition of the statutory law pertaining to their public official duties. The General Assembly of the Commonwealth of Kentucky at its 1920 session enacted chapter 155, page 666, of the session acts for that year, and which, as amended by chapter 26, page 109 of the session acts of 1934, are now Sections 1290a-1 to and including 1290a-16 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. It created and established a "State Athletic Board of Control" to consist of three members to be appointed by the Governor, with prescribed duties, one of which was the appointment of a Secretary. As the name indicates, the act related to certain athletic activities and provided for the collection of certain fees and charges from those engaged in them. A part of its Section 13 says: "After the necessary expenses have been paid, which are not to exceed five thousand ($5,000.00) dollars per annum, the funds remaining shall be turned over to the State Treasurer and credited to the school fund."

At the 1934 session the General Assembly enacted chapter 25, page 70 of its published session acts, and which is commonly known as the "State Budget Act." It will be hereinafter referred to as the "Budget Act." At the same session there was enacted chapter 155, on page 679 of the same published acts, which was designated therein as the "Administrative Reorganization Act," which rearranged, consolidated and otherwise prescribed for the functioning of many administrative departments and state offices and agencies engaged therein. It is carried in our present 1936 Statutes as Sections 4618-1 to and including 4618-67. At a Special session of the Legislature for 1934 there was enacted chapter 2, page 17, of its published acts, which was a general appropriation statute, and by its Section 14-B it was provided that all fees and operating receipts collected by and arising from the operation of the Athletic Board of Control should be covered into the State Treasury at the close of each month and credited to the general expenditure fund. In the same section an appropriation was made for the operation and maintenance of the same Board the amount of $4,000, and no more nor less.

At the first extraordinary session of the Legislature for 1936 there was enacted chapter 1, amending and enlarging the 1934 Administrative Reorganization Act, and which·was designated as the "Governmental Reorganization Act," which is now carried in our 1936 edition of the statutes as Sections 4618-68 to and including 4618-169. The Administrative Reorganization Act of 1934 does not appear to have dealt with, or in any manner affected the functions of the Athletic Control Board, but the 1936 Governmental Reorganization Act in its Section 113—Section 4618-113 of our present Statutes—transferred its functions to the Department of Business Regulation created by that act and vested the head of that department (which was to be filled by the Governor) with various duties in the administration of the Athletic Control Act, among which was the appointment of a Director, with the duty to administer it in the manner pointed out in the statute, by which all functions of the old Board became centralized in one person under the control of the head of the Department of Business Regulation. The latter position is now held by the defendant, John Kirtley, whilst plaintiff is the appointed, qualified and acting Director under him to administer the functions of the old Athletic Board.

To carry out the provisions of the 1934 Budget Act the General Assembly at its 1940 session—by chapter 16, page 119, of the session Acts for that year—provided for appropriations for the operation, maintenance, support and functionings of the Government of the Commonwealth, including all of its departments and agencies. Its Section 22, part 1, on page 135, of the published acts for that year made appropriations for the various governmental agencies including that of athletic control under the supervision of the Department of Business Regulation, and the annual amount appropriated to the Division of Athletic Control was $6,500. At the close of that chapter, and in its Section 35, part 3-a, p. 174, it is enacted that "All *continuing* appropriations in existence at the time of this Act are hereby discontinued and repealed by this Act. All laws and parts of laws in conflict with any of the provisions of the above enactments, to the extent of such conflict, are hereby repealed." (Our emphasis.) Like provisions appear in other acts hereinbefore referred to, all of which, of course, had the effect to repeal any prior act inconsist-

ent with such provisions, and especially did the 1940 act repeal all *continuing* appropriations in existence at the time of the taking effect of that act, and which was clearly so prescribed for the purpose of conformance to and with the provisions of the Budget Act, whereby designated amounts were appropriated and allotted to all of the state departments and functioning agencies for each of the two fiscal years intervening between legislative sessions.

After this long rehearsal of the condition of the statutory law appertaining to the functions of the old Athletic Board of Control we come now to the question involved in this case, and which is: Is the present Director and administrator of the functions of that Board confined to the expenditure of the maximum appropriation limit of $5,000 fixed in the original Athletic Control Act of 1920 as amended by the amendatory act of 1934 supra, or is he entitled to the $6,500 fixed in the 1940 appropriation act? A controversy arose between plaintiff and defendant as to how that question should be answered, and this declaratory judgment action was filed for the purpose of settling it. The parties agreed that the case might be submitted on the allegations of the petition, which was done, and the learned trial judge held that the maximum amount of $5,000 for all expenditures in administering the functions of the Athletic Board, as fixed by the 1920 act, and the later one amending it, "was not repealed by any provision of the 1936 Governmental Reorganization Act, or by the 1940 General Appropriation Act adopted by the General Assembly of Kentucky." He, therefore, adjudged that neither the plaintiff, as Director of the Division of Athletic Control, nor the defendant, Kirtley, as Director of Business Regulation of the Commonwealth, could expend in any year, including salaries, an amount exceeding $5,000, and entered appropriate orders against all defendants for the enforcement of his judgment, to reverse which plaintiff prosecutes this appeal.

Our conclusion is that the learned trial judge was in error, since we are clearly of the opinion that the $5,000 maximum limit put into the original Athletic Control Act and continued in its later amendment was but an appropriation of that much money for the purpose indicated, and was, therefore, what is clearly a *continuing* appropriation, which (at least) the 1940 appropriation

act expressly repealed for the reason we have hereinbefore indicated, i. e., to make such appropriation conform to the later enacted Budget Act. The $5,000 limitation placed in the original Athletic Control Act was not the fixing of any salary of any officer or agent connected with the performance of the duties of that act, but it was only a limitation of the amount of money that should be expended for the purposes indicated in executing the functions of that act. The Appropriation Act of the Special 1934 session, being chapter 2 of the acts of that session—and referred to supra—itself provided for the collection of all fees arising from the operation of the State Athletic Board controlling agency to be turned over to the State Treasury and placed to the credit of the general expenditure fund of the state.

In the same section, as we have hereinbefore pointed out, it fixed the expenditures for the operation of that agency at $4,000—$1,000 less than the original creating act fixed it. Then followed two years thereafter, the State Reorganization Act, which in turn was followed four years thereafter by the 1940 Appropriation Act. Also, in the meantime the State Budget Act was enacted. Reading all of the applicable provisions of those acts together there is no escape from the conclusion that the last word from the legislature with reference to the question under consideration (the 1940 appropriation act) must prevail—its enactment not being in conflict with any constitutional provision. That word says, as we have seen, that the state agency under consideration, and which is being directly administered by plaintiff, may expend for the purposes indicated $6,500. Therefore, we repeat, the learned circuit judge was in error in determining otherwise.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside, and to enter one in conformity with this opinion.

The Whole Court sitting.